**WO**

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Lyon & Towanda Lyon, for Taralyn D. Lyon,<br><br>                                  Plaintiffs,<br>v.<br><br>Estrella Foothills High School<br>Henry Schmitt, Superintendent of Schools for Estrella Foothills School,<br>Eric Godfrey,<br>Jerry Nunez,<br>Marty Arambel,<br>Phillip Echeverria,<br>Jeannie Guy,<br>Jerry Kerr, and<br>Gary Mayfield,<br>                                  Defendants. | NO. CIV 03-2306-PHX-JAT<br><br>**FINAL PRETRIAL FORM OF ORDER** |

The following is the joint Final Pretrial Order considered at the Final Pretrial Conference on April 17, 2006 at 11:00 a.m.

**A.     COUNSEL FOR THE PARTIES**

Plaintiff(s):   Joseph E. Collins, Esq.
                Collins & Collins, LLP
                10801 North 32nd Street, Suite 3
                Phoenix, Arizona 86028
                Phone: (602) 788-7227
                Fax: (602)569-6091

Defendant:   Georgia A. Staton
             JONES, SKELTON & HOCHULI
             2901 N. Central Avenue, Suite 800
             Phoenix, AZ 85012
             Phone: (602) 263-1752
             Fax: (602) 200-7854

JONES, SKELTON & HOCHULI, P.L.C.
ATTORNEYS AT LAW
2901 NORTH CENTRAL AVENUE
SUITE 800
PHOENIX, ARIZONA 85012
TELEPHONE (602) 263-1700

B. **STATEMENT OF JURISDICTION**

Jurisdiction is not disputed.

C. **STIPULATIONS AND UNCONTESTED FACTS AND LAW**

1. <u>**The following facts are stipulated to by the parties and require no proof:**</u>

(a) Plaintiff Taralyn Lyon was a student at Estrella Foothills High School in the Buckeye Union High School District in 2002.

(b) On November 6, 2002, Eric Godfrey, the assistant principal, suspended Ms. Lyon and two other girls from school for 10 days following allegations that they drank alcohol following a gym class earlier that day.[1]

(c) Formal hearings were held.[2]

(d) The Administration recommended that Plaintiff and the other two girls be placed on long-term suspension (suspension for the remainder of school year 2002-03) in accordance with District policy.

(e) The hearing officer concluded that Plaintiff and the two other girls had consumed alcohol on campus, in violation of the District's policy.

(f) The hearing officer affirmed the 10-day suspensions, but declined to recommend long-term suspension.

(g) Plaintiff, along with one of the other girls, appealed the hearing officer's decision to the District Governing Board.

---

[1] Plaintiff refuses to acknowledge as an undisputed fact that Plaintiff admitted to consuming alcohol. This Court has already held that this is an undisputed fact and that it is no longer an issue in this case. *See* Order, August 30, 2005.

[2] Plaintiff refuses to acknowledge as an undisputed fact that these hearings were in accordance with District policy. This Court has already held that this is an undisputed fact and that it is no longer an issue in this case. *See* Order, August 30, 2005.

(h)     On December 6, 2002, the District Governing Board affirmed the hearing officer's findings that alcohol was consumed by the Plaintiff, but modified the hearing officer's Order to hold the long-term suspension in abeyance, add an additional 5-day suspension and require that she enter into a behavioral contract for the remainder of the school year. The other girl was given the same discipline.

### 2. The following facts, although not admitted, will not be contested at trial by evidence to the contrary:

None

### 3. The following issues of law are contested and stipulated to by the parties:

None.

### D.  CONTESTED ISSUES OF FACT AND LAW

#### 1. The following are the issues of fact to be tried and decided:

**Issue No. 1**: Were Board Members sued in their official capacity?

**Plaintiff Contends:** The Board Members were sued in their individual capacity.

**Defendant Contends:** Plaintiff sued members in their personal capacity. (See p. 8, Plaintiff's Response to Defendants' Motion for Summary Judgment.)

**Issue No. 2:** Were the actions of Board Members of Buckeye Union High School District in upholding the hearing officer's findings and in assessing sanctions against the Plaintiff taken in a capacity other than as board members?

**Plaintiff Contends:** The board members were acting under color of state law, when they imposed the sanctions upon the plaintiff, but were not acting in their official capacities because they violated the equal protection clause of the constitution.

**Defendant Contends:** The Board Members' actions were taken only in their capacity as members of Buckeye Union High School District's governing board.

**Issue No. 3**: Did Administrators and/or Board Members intentionally, and without a rational basis, treat Plaintiff differently than similarly situated students and do so for an improper purpose?

**Plaintiff Contends:** Defendants treated plaintiff differently than similarly situated students and students with worse records than plaintiff and did not follow district policy when imposing discipline.

**Defendant Contends**: Plaintiff was not treated differently than other similarly situated students. Plaintiff received the discipline that was established by the district policy. The other girls who consumed alcohol on campus with her received the same discipline and were afforded the same appeal process. Both Plaintiff and the other girl were given the same discipline.

**2. The following are the issues of law to be tried and determined:**

**Issue No. 1:** Whether Estrella Foothills High School is a proper party Defendant.

**Plaintiff contends:** The issue has previously been resolved by the court on the motion for summary judgment.

**Defendant contends:** Rule 17(b) F.R.C.P. provides that the capacity to be sued shall be determined by the law of the State in which the District Court is situated. A.R.S. § 15-326 provides that only the school district may sue or be sued. Estrella Foothills High School is merely a school within the District and is, therefore, an improper party defendant.

4

**Issue No. 2:** Are the Board Members and/or Administrators entitled to qualified immunity?

**Plaintiff contends:** Defendants are not entitled to immunity.

**Defendant contends:** A school board member is liable only if he/she knew or reasonably should have known that the action he/she took as a board member violated the constitutional rights of Plaintiff or if he/she took the action with the malicious intention because a deprivation of constitutional rights or other injury to the student.

**Issue No. 3:** Whether the District denied Plaintiff equal protection under 42 U.S.C. § 1983.

**Plaintiff contends:** Defendants intentionally denied Plaintiff equal protection. They punished her more than any other student for any offense. Defendants did not follow their own published policy.

**Defendant contends:** Defendants did not deny Plaintiff equal protection. Plaintiff does not allege discrimination based on a suspect class. Instead she alleges "class of one" discrimination, i.e. that she was treated differently from other similarly situated students without a rational basis. *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004). The standard for such claims is extremely high. Plaintiff must prove (1) a difference in treatment between Plaintiff and other similarly situated students, (2) the difference was intentional, and (3) the difference was without a rational basis. *Id.* Mere differences in punishment are not enough because "the Fourteenth Amendment guarantees equal laws, not equal results." *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991), *quoting Personnel Adm'r. v. Feeney*, 442 U.S. 256, 273 (1979). Plaintiff cannot satisfy any of the elements of this claim.

**Issue No. 4:** Whether board members who act solely in their capacity as Board members can be held personally liable?

**Plaintiff Contends:** Defendants cannot assert that they were acting as board members when their conduct occurred, because once they violate the constitutional rights of Plaintiff they have stepped out of their role as board members.

**Defendant Contends:**

Yes, but each board member is entitled to assert the defense of qualified immunity. The qualified immunity doctrine shields government officials from liability if "a reasonable government official could have believed that his conduct was lawful, in light of clearly established law and the information he possessed." *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995) citing *Thorsted v. Kelly*, 858 F.2d 571, 573 (9th Cir. 1988). Whether officials could have believed that their conduct is reasonable is a fact-specific test and is a question for the Court. *Sinaloa Lake Owners Assoc. v. City of Simi Valley,* 70 F.3d 1095, 1099 (9th Cir. 1995).

### E.  LIST OF WITNESSES

**1. Plaintiff:**

A. Tara Lyon
C/O COLLINS & COLLINS L.L.P
10801 NORTH 32ND STREET #3
PHOENIX ARIZONA 85028

Fact Witness

Ms. Lyon will testify regarding her involvement as school and the disciplinary process. Ms. Lyon will testify that Andy Rios spoke with Jerry Nunez and Henry Schmidt (sic) about the proceedings on numerous occasions.

B. Towanda Lyon
C/O COLLINS & COLLINS L.L.P
10801 NORTH 32ND STREET #3
PHOENIX ARIZONA 85028

Fact Witness

6

1  Ms. Lyon will testify regarding her involvement as school and the disciplinary
2  process. Ms. Lyon will testify that Andy Rios spoke with Jerry Nunez and Henry
3  Schmidt (sic) about the proceedings on numerous occasions.
4  Shall be called__x___ May be called _____ Unlikely to be called
5  Listed by:  Plaintiff x_ Defendant

   C.          Kenneth Lyon
               C/O COLLINS & COLLINS L.L.P
               10801 NORTH 32ND STREET #3
               PHOENIX ARIZONA 85028

8  Fact Witness
9  Mr. Lyon will testify regarding his involvement as school and the disciplinary
10 process.
11 Shall be called__x___ May be called _____ Unlikely to be called
12 Listed by:  Plaintiff x_ Defendant

   D.          Andy Rios
               C/O COLLINS & COLLINS L.L.P
               10801 NORTH 32ND STREET #3
               PHOENIX ARIZONA 85028

15 Fact Witness
16 Ms. Rios will testify regarding his involvement as school and the disciplinary
17 process.
18 Shall be called___x__ May be called _____ Unlikely to be called
19 Listed by:   Plaintiff x_ Defendant

   E.          Dr. Henry B. Schmitt
               c/o Georgia A. Staton
               JONES, SKELTON & HOCHULI,PLC
               2901 N. Central Avenue
               Suite 800
               Phoenix, AZ 85012

25 Dr. Schmidt (sic) will be called to authenticate the disciplinary records.

X Shall be called _____ May be called _____ Unlikely to be called

Listed by: Plaintiff _____ Defendant X

**2.      Defendants:**

>Phillip Echeverria
>c/o Georgia A. Staton
>JONES, SKELTON & HOCHULI, PLC
>2901 N. Central Avenue
>Suite 800
>Phoenix, AZ 85012
>602 263-1700

Mr. Echeverria was a member of the District Governing Board at the time relevant to Plaintiff's Complaint. He reviewed the exhibits and other documents introduced at Taralyn Lyon's hearing. Mr. Echeverria is expected to testify regarding his review of evidence and disciplinary decision.

__X__ Shall be called____ May be called ____ Unlikely to be called

Listed by: Plaintiff _____ Defendant __X__

Fact Witness

>Jerry Kerr
>c/o Georgia A. Staton
>JONES, SKELTON & HOCHULI, PLC
>2901 N. Central Avenue
>Suite 800
>Phoenix, AZ 85012
>602 263-1700

Mr. Kerr was a member of the District Governing Board at the time relevant to Plaintiff's Complaint. He reviewed the exhibits and other documents introduced at Taralyn Lyon's hearing. Mr. Kerr is expected to testify regarding his review of evidence and disciplinary decision.

__X__ Shall be called ____ May be called ____ Unlikely to be called

Listed by: Plaintiff _____ Defendant __X__

Fact Witness

>Gary Mayfield
>c/o Georgia A. Staton
>JONES, SKELTON & HOCHULI, PLC
>2901 N. Central Avenue
>Suite 800
>Phoenix, AZ 85012
>602 263-1700

Mr. Mayfield was a member of the District Governing Board at the time relevant to Plaintiff's Complaint. He reviewed the exhibits and other documents introduced at Taralyn Lyon's hearing. Mr. Mayfield is expected to testify regarding his review of evidence and disciplinary decision.

__X__ Shall be called ____ May be called ____ Unlikely to be called

Listed by: Plaintiff _____ Defendant __X__

Fact Witness

>Eric Godfrey
>c/o Georgia A. Staton
>JONES, SKELTON & HOCHULI, PLC
>2901 N. Central Avenue
>Suite 800
>Phoenix, AZ 85012
>602 263-1700

Mr. Godfrey was the assistant principal at Estrella Foothills High School at the time period pertinent to Plaintiff's Complaint. Mr. Godfrey has knowledge of and may testify regarding his investigation into student misconduct, involving alcohol consumption, on November 6, 2002. Mr. Godfrey is also expected to testify regarding the School District policies and the discipline imposed for student misconduct.

__X__ Shall be called ____ May be called ____ Unlikely to be called

Listed by: Plaintiff _____    Defendant __X__

Fact Witness

        Jerry Nunez
        c/o Georgia A. Staton
        JONES, SKELTON & HOCHULI, PLC
        2901 N. Central Avenue
        Suite 800
        Phoenix, AZ 85012
        602 263-1700

Mr. Nunez was the principal at Estrella Foothills High School at the time period pertinent to Plaintiff's Complaint. Mr. Nunez has knowledge of and may testify regarding his investigation into student misconduct, including alcohol consumption, on November 6, 2002. Mr. Nunez is also expected to testify regarding the School District policies and the discipline imposed for student misconduct. Mr. Nunez will also testify regarding the disciplinary procedures used in this case.

__X__ Shall be call    _____ May be called    _____ Unlikely to be called

Listed by: Plaintiff _____    Defendant __X__

Fact Witness

        Marty Arambel
        c/o Georgia A. Staton
        JONES, SKELTON & HOCHULI, PLC
        2901 N. Central Avenue
        Suite 800
        Phoenix, AZ 85012
        602 263-1700

Mr. Arambel was on the District Governing Board at the time relevant to Plaintiff's Complaint. He is expected to testify regarding his review of evidence and disciplinary decision.

__X__ Shall be called _____ May be called    _____ Unlikely to be called

Listed by: Plaintiff _____    Defendant __X__

Fact Witness

> Jeannie Guy
> c/o Georgia A. Staton
> JONES, SKELTON & HOCHULI, PLC
> 2901 N. Central Avenue
> Suite 800
> Phoenix, AZ 85012
> 602 263-1700

Ms. Guy was on the District Governing Board at the time relevant to Plaintiff's Complaint. She is expected to testify regarding her review of evidence and disciplinary decision.

__X__ Shall be called  _____ May be called  _____ Unlikely to be called

Listed by: Plaintiff _____   Defendant __X__

Fact Witness

> Dr. Henry E. Schmitt
> c/o Georgia A. Staton
> JONES, SKELTON & HOCHULI, PLC
> 2901 N. Central Avenue
> Suite 800
> Phoenix, AZ 85012
> 602 263-1700

Dr. Schmitt was the Superintendent of the Buckeye Union High School District at the time relevant to Plaintiff's Complaint. Dr. Schmitt is expected to testify as to his knowledge regarding the disciplinary process as applied to Ms. Lyon and other students.

__X__ Shall be called  _____ May be called  _____ Unlikely to be called

Listed by: Plaintiff _____   Defendant __X__

Fact Witness

Each party understand that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses

above and that party cannot rely on that witness having been listed or subpoenaed by another party.

### F. LIST OF EXHIBITS

#### 1. **The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:**

##### a. **Plaintiff's Exhibits:**

A. Formal Hearing Proceeding 11/21/02 7:30 a.m. Tara Lyon

B. Formal Hearing Proceeding 11/21/02 10:00 a.m. Laci Ogle

C. Letter 8/6/03 with attached Public Hearing Board Meeting Minute dated 12/9/02; Public notice 12/9/02; Letter dated 11/22/02 from m. Nunez: Letter dated 12/10.02 and J-4850@JKD, Student Suspension

D. Estrella Foothills HS Discipline Listing 7/23/04

E. Estrella Foothills HS Discipline Listing 7/21/04

F. Discipline Hearings 2000 - 2001

G. Discipline Hearings 2001 - 2002

H. Due Process Hearings 2002- 2003

I. Due Process Hearings/Behavior Contracts 2003 - 2004

J. Buckeye Union High School Discipline Listing 7/21/04

K. Buckeye Union High School Discipline Listing 7/23/04

L. Estrella Foothills High School Student Handbook 2002- 2003

M. Three week Progress Term 2 10/14/02 to 11/08/02

N. Three week Progress Term 1 8/12/02 to 8/30/02

O. Letter 12/10/02 from Dr. Henry E. Schmitt

P. J-4850 @ JKD Student Suspension

Q. Permissible Penalties

R. J-4550.1 @ JJJ Extracurricular Activity Eligibility

S. J-4611 @ JK-RA Student Discipline

T. J-4613.1 JK-RC Student Discipline

U. J-3400 @ JIH Student Interrogations, Searches and Arrests

V. J-1300 @ JFC Student Withdrawal From School/ Dropouts

W. J-3050 @ JICH Drug and Alcohol Use By Students

X. J-4600 @ JK Student Discipline

Y. Hand written notes

Z. 11/21/02 Hand written Notes

AA. 11/13/02 Letter from Jerry Nunez

BB. 11/18/02 Crimes Management System Incident Report Goodyear Police Department

CC. Instant Messages 11/10/02

   **b.** **Defendants' Exhibits:**

1. Hearing Officer's Findings of Fact, Re: Taralyn Lyon, Bates Nos. EF160-161.

2. November 22, 2002 Letter from Nunez to Lyon, Bates No. EF 160.

3. Student Referral/Administrative Disposition.

4. November 13, 2002 Letter from Dr. Schmitt, Bates Nos. EF 129-132.

5. District Policies:
    JK-RC, Bates Nos. EF 134-135
    JK-RA, Bates Nos. EF 136-139
    JIC, Bates Nos. EF 140-141
    JKD, Bates Nos. EF 143-151.

6. December 10, 2002 Letter from Dr. Schmitt, Bates No.167.

7. Handbook, Bates Nos. EF 216-235.

8. November 21, 2002 Letter to Arbell Rose, Bates No. EF 237.

9. Hearing Officer Findings of Fact, Re: Kailey Hainline-Rose, Bates Nos. EF 230-239.

10. Hearing Officer Findings of Fact, Re: Laci Ogle, Bates Nos. EF 240-241.

11. December 10, 2002 Letter to Laci Ogle, Bates Nos. EF240-241.

12. Discipline lists, Estrella Foothills High School, Bates Nos. EF 176-187, 188-196.

 **2.**  **As to the following exhibits, the party have reached the following stipulations:**

  a.  **Plaintiff's Exhibits:**

  b.  **Defendants' Exhibits:**

 **3.**  **As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:**

  a.  **Plaintiff's Exhibits:**

  b.  **Defendants' Exhibits:**

Each party hereby acknowledges that by signing this Joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived.

**G.**  **DEPOSITIONS TO BE OFFERED**

Barring unforeseen and unexpected circumstances it is not anticipated that depositions will be offered in lieu of live testimony.

Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any deposition not listed as provided herein will not be allowed, absent good cause.

### H. MOTIONS IN LIMINE (JURY TRIAL)

Motions in limine are filed as separate pleadings and responded to in accordance with the Court's instructions contained in the Order Setting Final Pretrial Conference.

### I. LIST OF PENDING MOTIONS

None other than Motions in Limine.

### J. ESTIMATED LENGTH OF TRIAL

5 days.

### K. JURY DEMAND

A jury trial has been requested by both parties and the parties stipulate that the request was timely and properly made.

### L-2. JOINT PROPOSED JURY INSTRUCTIONS, JOINT PROPOSED VOIR DIRE QUESTIONS, AND PROPOSED FORMS OF VERDICT

The **separately** filed Joint Proposed Jury Instructions, Joint Proposed Voir Dire Questions and Proposed Form of Verdict are incorporated by reference into this Joint Proposed Final Pretrial Order.

### M. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. All discovery has been completed.

2. The identity of each witness has been disclosed to opposing counsel.

3. Each Exhibit listed herein: (1) is existence; (2) is numbered; and (3) has been disclosed and shown to opposing counsel.

4. The parties have complied **in all respects** with the mandates of the Court's Rule 16 Scheduling Order and Order Setting Final Pretrial Conference.

5. The parties have made all of the disclosures required by the Federal Rules of Civil Procedure. (Unless otherwise previously ordered to the contrary.)

6. The parties acknowledge that once the proposed **joint** Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

/ / /

16

**APPROVED AS TO FORM AND CONTENT:**

_____   _____
Joseph E. Collins                Georgia A. Staton
10801 North 32nd Street, Suite 3  2901 North Central Avenue, Suite 800
Phoenix, Arizona 85028           Phoenix, Arizona 85012
Attorney for Plaintiff           Attorney for Defendant

[parties signed lodged copy]

Based on the foregoing,

**IT IS ORDERED**, that the proposed Final Pretrial Order jointly submitted by the parties is hereby **APPROVED** and **ADOPTED** as the official Pretrial Order of this Court.

DATED this 1st day of May, 2006.

_____
James A. Teilborg
United States District Judge