**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth & Towanda Lyon for Taralyn D. Lyon,<br><br>          Plaintiff,<br><br>vs.<br><br>Estrella Foothills High School,<br><br>          Defendant. | No. 03-2306-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the Plaintiff's Motion for a New Trial Pursuant to Rule 59 (doc. 90).

I.      INTRODUCTION

On August 31, 2005, the Court granted summary judgment in favor of the Defendant on the Plaintiff's substantive due process claim.

On June 28, 2006, the Court granted a Rule 50 Motion in favor of the Defendant and Judgment was entered against the Plaintiff and in favor of the Defendant with respect to the Plaintiff's remaining claims.

On July 17, 2006, the Plaintiff filed a Motion for a New Trial Pursuant to Rule 59. A copy of the motion was hand delivered to the Defendant the same day.

/ / /

1 II.     LEGAL ANALYSIS

2      A.     August 31, 2005, entry of Summary Judgment

3 The Plaintiff's Motion for a New Trial seeks a new trial on the substantive due
4 process claim dismissed at the summary judgment stage of these proceedings.

5 The Court has discretion to reconsider and vacate an order granting summary
6 judgment. *See Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-*
7 *Cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Therefore, when a "motion for a new trial"
8 has been filed following a grant of summary judgment, the motion is considered to be a
9 motion to alter or amend a judgment under Rule 59(e).

10 Rule 59 provides that any motion to alter or amend judgment must be filed "no later
11 than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Summary Judgment was
12 entered against the Plaintiff on the substantive due process claim on August 31, 2005. The
13 Plaintiff failed to file the Rule 59 Motion until July 17, 2006. Clearly, the motion is untimely
14 as it applies to any issues decided at the summary judgment stage of these proceedings.

15      B.     June 28, 2006, entry of Judgment

16 The Plaintiff's motion also seeks a new trial of the equal protection and qualified
17 immunity issues decided against the Plaintiff at trial. The motion must "be filed no later than
18 10 days after entry of the judgment." Fed. R. Civ. P. 59(b).

19 The Judgment in this case was entered on June 28, 2006. Taking into account the July
20 4th legal holiday, and intermittent weekends, ten-days from June 28, 2006, is July 13, 2006.
21 *See* Fed. R. Civ. P. 6 (discussing computation of time). The Plaintiff did not file the Rule 59
22 Motion until July 17, 2006. Accordingly, the motion was untimely.

23 Even assuming the Plaintiff's motion was not untimely, the Court finds it to be
24 without merit.

25     / / /

26

27

28

III. CONCLUSION

A federal district court has no power to extend the time for filing a Rule 59 motion. *Harman v. Harper,* 7 F.3d 1455, 1458 (9th Cir. 1993); *Scott v. Younger,* 739 F.2d 1464, 1467 (9th Cir.1984).

Accordingly,

IT IS ORDERED denying the Plaintiff's Motion for a new trial as untimely (doc. 90).

DATED this 13th day of September, 2006.

James A. Teilborg
United States District Judge