**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth & Towanda Lyon, for Taralyn Lyon,<br><br>    Plaintiff,<br><br>vs.<br><br>Estrella Foothills High School, et. al,<br><br>    Defendants. | No. CV 03-2306-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants Henry Schmitt, Eric Godfray, Jerry Nunez, Marty Arambel, Phillip Echeverria, Jeannie Guy, Jerry Kerr and Gary Mayfield's Motion for Attorney's Fees. (Doc. # 87). Plaintiff filed an Objection to Request for Attorney's Fees. (Doc. # 103). The Court now rules on Defendants' Motion for Attorney's Fees.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The relevant factual and procedural background, for purposes of this Order, is summarized herein. On November 21, 2003, Plaintiff filed a Complaint with the Court seeking redress for violations of her civil rights. (Doc. #1). Plaintiff alleged that on November 6, 2002, while she was a student at Estrella Mountain High School, another student offered her a drink from a water bottle when she was returning from gym class. She accepted the drink; and the water bottle was later claimed to contain alcohol. Defendants subsequently suspended Plaintiff from school for fifteen days for this incident because of a no tolerance policy against drinking at school. Based on these facts, Plaintiff asserted federal

1  and state law claims for due process, double jeopardy, equal protection, right to counsel, false
2  imprisonment, defamation, and punitive damages against Defendants.

3  On August 31, 2005, the Court granted Defendants' Motion for Summary Judgement
4  with regards to Plaintiff's due process, double jeopardy, right to counsel, false imprisonment,
5  defamation, and punitive damages claims, and denied Defendants' Motion for Summary
6  Judgement with regards to Plaintiff's equal protection claim. (Doc. #43). On November 1,
7  2005, counsel for Defendants contacted counsel for Plaintiff in an effort to settle the
8  remaining matter. Plaintiff rejected the offer. (Defs.' Mem. Supp. Mot. Att'ys Fees, Ex. 3).
9  On December 20, 2005, Defendants' counsel made another offer of settlement that Plaintiff
10 also rejected. (Defs.' Mem. Supp. Mot. Att'ys Fees, Ex. 4). On June 28, 2006, the Court
11 granted Defendants' Rule 50 Motion for a Judgment as a Matter of Law and found that no
12 reasonable jury could find for the Plaintiff on the remaining equal protection claim. (Doc.
13 # 86). Additionally, the Court found that even if the Plaintiff had been able to meet the
14 burden of proof for her equal protection claim, the Defendants would be shielded from
15 liability in this case under qualified immunity.

16 On June 29, 2006, Defendants filed the pending Motion for Attorney's Fees. (Doc.
17 #87). On August 18, 2006, Defendants filed a Memorandum in Support of Motion for
18 Attorney's Fees and reduced the amount sought from $45,852.47 to $39,053.00 to exclude
19 time spent defending Plaintiff's state law claims. (Doc. #99). Defendants request the Court
20 award attorney's fees under 42 U.S.C. § 1988. Specifically, Defendants allege that Plaintiff's
21 § 1983 action was unreasonable, frivolous, meritless, or vexatious and ask that the Court use
22 its discretion to award attorneys fees under § 1988 in the amount of $39,053.00.

23

24 **II.   DISCUSSION**

25 As stated above, Defendants bring their Motion for Attorneys Fees pursuant to 42
26 U.S.C. § 1988, which states in relevant part, "In an action or proceeding to enforce a
27 provision of section . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the
28 prevailing party, other than the United States, a reasonable attorney's fee as part of the costs

1 . . . ." The court may, in its discretion, award attorney's fees to the prevailing party in a Civil
2 Rights Act case upon a finding that the plaintiff's action was frivolous, unreasonable, or
3 without foundation, even though not brought in bad faith. *Christiansburg Garment Co. v.*
4 *EEOC*, 434 U.S. 412, 421 (1978). The Ninth Circuit Court of Appeals has further clarified
5 this standard, holding that attorney's fees are awardable in an action brought under § 1983
6 if the action was unreasonable, frivolous, meritless or without foundation, or when the
7 plaintiff continued to litigate after it clearly became so. *Herb Hallman Chevrolet, Inc. v.*
8 *Nash-Holmes,* 169 F.3d 636, 645 (9th Cir. 1999). Here, the Court finds that an award of
9 attorney's fees to the prevailing Defendants of $39,053.00 is reasonable under the
10 circumstances.

11       **A.**    **Entitlement to Attorney's Fees**

12 Attorney's fees may be awarded in an action brought under 28 U.S.C. § 1983 if the
13 action was unreasonable, frivolous, meritless or without foundation, or when the plaintiff
14 continued to litigate after it clearly became so. *Herb* at 645. An action becomes frivolous,
15 for purpose of attorney fees award under § 1988, when the result appears obvious or the
16 arguments are wholly without merit. *See Christiansburg Garment Co. v. EEOC*, 434 U.S.
17 412, 422 (1978). A defendant can recover attorney's fees if the plaintiff violates the § 1988
18 standard at any point during the litigation, not just at its inception. *Id.* However, a plaintiff's
19 loss at the summary judgment stage does not render her case per se frivolous, unreasonable,
20 or without foundation for the purpose of attorney's fees under § 1988. *Id.*

21 When granting Defendants' Rule 50 Motion for a Judgment as a Matter of Law, the
22 Court stated that this case was certainly meritless. (Record at 9). Plaintiff's allegation that
23 students with lower grades and less participation in school extracurricular activities received
24 more lenient punishments was wholly without foundation. The evidence cited by Plaintiff
25 instead established the uniform application of punishments to similar offenses without regard
26 to grades or participation in extracurricular activities. Additionally, Plaintiff failed to make
27 a reasonable class-of-one argument or to adequately define a class of similarly situated
28 individuals as required under *Squaw Valley v. Goldberg*. 375 F.3d 936 (9th Cir. 2004).

Finally, Plaintiff failed to allege even nominal damages. Plaintiff should have known that a failure to allege damages was a fatal error, which only further persuades this Court of the meritless nature of this case. As this Court previously stated, "This is a case that should never have reached this point, and but for some inadequate motion for summary judgment briefing it might not have . . . ." (Record at 8). While the early summary judgment dismissal of the majority of Plaintiff's claims and the ultimate Judgment as a Matter of Law dismissal of Plaintiff's final claim did not render Plaintiff's case per se frivolous, unreasonable, or without foundation for the purpose of attorney's fees under § 1988, Plaintiff's insistence on disregarding settlement attempts in favor of pursuing meritless litigation against public servants despite the obvious result does warrant an award of attorney's fees to the Defendants. Therefore, under 28 U.S.C. § 1988 and applicable federal jurisprudence, Defendants are entitled to reimbursement of their reasonable attorney's fees.

### B. Reasonableness of Attorney's Fees

28 U.S.C. § 1988 allows the prevailing party reimbursement of only a reasonable fee. The proper method of determining a reasonable attorney's fee is the lodestar method of calculation, which multiplies the hours spent by each attorney by a reasonable hourly rate. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). The prevailing market rate in the community is indicative of a reasonable hourly rate. *Id.* Additionally, the fee claimant must show that the time spent was reasonably necessary and that its counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 1263 (quoting *Sealey, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984)). There is a strong presumption that the lodestar figure represents a reasonable fee, however, it may be adjusted on the basis of other considerations such as the factors set forth in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714 (5th Cir. 1974). *Jordan*, 815 F.2d at 1262. The *Johnson* court posited twelve factors to be considered in adjusting the lodestar figure: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment of the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

1  imposed by the client or the circumstances; (8) the amount involved and the results obtained;
2  (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the
3  case; (11) the nature and length of the professional relationship with the client; and (12)
4  awards in similar cases. *Johnson* at 717-19.

5      Here, the Court finds that the attorney's fees requested by the Defendant are
6  reasonable under the lodestar method. Hourly rates of $135/hour to $175/hour based upon
7  each attorney's level of experience are certainly reasonable for this type of work within the
8  Phoenix area. Additionally, the Court finds that Defendants submitted records "sufficient[ly]
9  detail[ed] that a neutral judge [could] make a fair evaluation of the time expended, the nature
10 and need for the service, and the reasonable fees to be allowed." *Jordan* at 1263 (quoting
11 *Hensley v. Eckerhart*, 461 U.S. 424, 441 (Burger, C.J., concurring)). The number of hours
12 spent by each attorney as set forth in Defendant's Exhibit 6 are appropriate and reasonable
13 based upon the complexity and progression of the matter. (Defs.' Mem. Supp. Mot. Att'ys
14 Fees, Ex. 6). Based upon the presumption of reasonableness of the lodestar calculation and
15 the fact that the Plaintiff did not address the reasonableness of the fees requested in their
16 Objection to the Request for Attorney's Fees, the Court considered the *Johnson* factors but
17 will not adjust the lodestar figure. The Court therefore finds that an award of attorney's fees
18 to the prevailing Defendants of $39,053.00 is reasonable under the circumstances.

19 ///
20 ///
21
22 ///
23 ///
24 ///
25
26
27     Accordingly,
28

**IT IS ORDERED GRANTING** Defendants' Motion for Attorney's Fees (Doc. #87) in the amount of $39,053.00.

DATED this 6th day of March, 2007.

_____
James A. Teilborg
United States District Judge